1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                                    NORTHERN DISTRICT OF CALIFORNIA

10                                          San Francisco Division

11    GESTURE TECHNOLOGY PARTNERS,            Case No. 22-cv-04806-YGR(LB)
      LLC,
12
                            Plaintiff,        **DISCOVERY ORDER**
13
              v.                              Re: ECF No. 84
14
      APPLE, INC.,
15
                            Defendant.
16

17        The parties dispute the sufficiency of Apple's responses interrogatories 1 through 3 and 11.[1]

18    Apple's responses to 1 through 3 are sufficient, and there isn't a live dispute regarding

19    Interrogatory 11 because the parties have agreed that Apple will produce licensing agreements

20    until after the district judge issues a protective order for this case.[2]

21        First, Interrogatory Nos. 1 and 2 seek information about Apple's alleged accused products.

22    Interrogatory No. 1 seeks the name and model number of each accused product, and Interrogatory

23    No. 2 seeks identification of their components recited in claim 4 of the '949 patent. GTP contends

24    that "Apple has refused to provide a candid narrative answer" for the requested information. GTP

25    wants Apple to "provide a chart listing the names and model numbers for the sensors and cameras

26

27    _____
      [1] Disc. Letter Br. – ECF No. 84. Citations refer to material in the Electronic Case File (ECF); pinpoint
      citations are to the ECF-generated page numbers at the top of documents.
28    [2] *Id.* at 2–4.

ORDER – No. 22-cv-04806-YGR(LB)

United States District Court
Northern District of California

1   contained in the [thirty-five] [a]ccused [p]roducts." Apple counters that it has answered both

2   Interrogatories pursuant to Rule 33(d) and that GTP has already made a chart based on the

3   information Apple provided. Apple further contends that GTP is therefore seeking "nothing more

4   than make-work" from Apple.[3]

5       "Pursuant to Rule 33(d), a party's response to an interrogatory may refer to business records or

6   abstracts only 'if the burden of deriving or ascertaining the answer will be substantially the same

7   for either party.'" *In re Lithium Ion Batteries Antitrust Litig.*, No. 13-md-02420-YGR (DMR),

8   2015 WL 4999762, at * 2 (N.D. Cal. Aug. 21, 2015) (quoting Fed. R. Civ. P. 33(d)). "A

9   requesting party claiming an inappropriate use of Rule 33(d) must make a prima facie showing

10  that the use of Rule 33(d) is somehow inadequate, whether because the information is not fully

11  contained in the documents or because it is too difficult to extract." *Id.* "The burden then shifts to

12  the responding party to show that (1) a review of the documents will actually reveal answers to the

13  interrogatories; and (2) the burden of deriving the answer is substantially the same for the party

14  serving the interrogatory as for the party served." *Id.* (cleaned up).

15      Here, GTP contends that "Interrogatory Nos. 1 and 2 are straightforward and standard in patent

16  cases, but Apple has refused to provide a candid narrative answer."[4] But Apple need not do so

17  under Rule 33(d). Its responses just need to contain the information GTP seeks and not be too

18  difficult to extract. Both of those conditions appear to be satisfied here because GTP already made

19  a chart based on the information Apple provided in its Interrogatory responses.[5] At the hearing,

20  GTP said that it wanted to be sure that it didn't make mistakes in the chart. Apple countered that

21  the chart is of information in the user guides, and Apple will not dispute information that is in the

22  user guides. On this record, Apple sufficiently answered Interrogatory Nos. 1 and 2 under Rule

23  33(d).

24

25  ――――――――――――――

26  [3] Joint Disc. Letter Br. – ECF No. 84 at 2–3; *see also* GTP's Disclosure of Suppl. Asserted Claims &
    Infringement Contentions, Ex. D to Disc. Letter Br. – ECF No. 76-4.

27  [4] Disc. Letter Br. – ECF No. 84 at 2.

28  [5] *See* GTP's Disclosure of Suppl. Asserted Claims & Infringement Contentions, Ex. D to Disc. Letter
    Br. – ECF No. 76-4.

United States District Court
Northern District of California

Second, Interrogatory No. 3 "requests the identification of every [a]pplication preloaded or available for download on the [a]ccused [p]roducts that can detect, process, interpret, respond to, or be controlled by Gestures." GTP contends that "Apple refuses to identify even a single [a]pplication." Apple counters that it provided a complete response when it indicated that, apart from the applications GTP identified in its Supplemental Infringement Contentions, it "is not aware of any preloaded applications, or applications available for download, in the accused Apple Products 'that can detect, process, interpret, respond to, or be controlled by Gestures.'"[6] Apple's response is a complete response. It is "responsive to the question" and is "complete in itself." *Id.*; *see also* Fed. R. Civ. P. 33(b)(3) ("Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.").

Finally, Interrogatory No. 11 seeks any licensing agreements that Apple entered into "as a licensor or licensee concerning the [a]pplications identified in Interrogatory No. 3."[7] But the parties have agreed that Apple will provide the licensing agreements after the district judge issues a protective order in this case.[8] There is no live dispute.

In sum, the court denies GTP's request to compel Apple to supplement its responses to Interrogatory Nos. 1–3 and 11. This resolves ECF No. 84.

**IT IS SO ORDERED.**

Dated: September 15, 2024

_____
LAUREL BEELER
United States Magistrate Judge

---

[6] *Id.* at 2–4; *see also* Interrog. Resp., Ex. A to *id.* – ECF No. 84-1.

[7] Disc. Letter Br. – ECF No. 84 at 2–3.

[8] *Id.* at 2–4.